## Fleming v. Reynolds.

One of the subscribing witnesses to a bond, becoming interested afterwards, will not render the suit on such bond appealable.

Error from the Court of Common Pleas.    The error complained of, was — the denial of an appeal.— The original action was brought by Fleming, as executor of M'Donald, deceased, upon a promissory note for £358 money, payable to the deceased, subscribed by two persons, as witnesses, who, at the time of subscribing, were legal witnesses; but one of them had afterwards become interested, by devise of the deceased promisee.

The words of the statute regulating appeals, are — " That all actions brought on bond or note, given for the payment of money only, vouched by two witnesses, shall be heard and finally determined by the County Court."

The only point in controversy was — whether the witness becoming incompetent, after the execution of the note, could render the cause appealable.

By Mr. Chancey and Mr. S. Baldwin, for the plaintiff in error, it was contended — That the English law respecting the attestation of wills, was analogous to our statute respecting appeals; and that, by all the adjudications in England on this subject, it was held necessary, that the subscribing witnesses should be able to testify to the execution; and the reason applies with the greatest force to this case; for the

legislature have as positively said, that this shall be necessary to bar an appeal, as it is said in England respecting wills:— Therefore, if the witnesses become incompetent, and cannot be brought in at the time of trial to attest the .execution of the note or obligation, it is not vouched as the law directs, and may be appealed.— It was clearly intended by the legislature, that the witnesses should be competent at the time of subscribing; but it would be to no purpose if they were not so at the time of trial.

That our statute ought to be taken in a strict sense; for it distinguishes actions of a certain description, and subjects them to certain disadvantages.— So far it operates to destroy a privilege or right.— And they cited Goss v. Tracy, 2 Ver. 699.— Needham v. Smith, 2 Ver. 463.— Hillyard v. Jennings, 1 Ld. Raym. 505.— Carthew, 514, S. C.—Windham v. Chetway, 1 Bur. 414.— 1 Black. Reports, 95, S. C.— 2 Stra. 1253, Anstey v. Dowsing.— Salk. 286, Tiley's case.— Baker v. Ld. Fairfax, 1 Stra. 101.

Mr. Edwards and Mr. Ingersol, on the other side, contended — That the word vouched has a determinate meaning, established by practice, and that it conveys the same idea as the word witnessed. If two witnesses, competent at the time, have subscribed to the execution, there shall be no appeal: That the statute of this state respecting wills, is expressed in similar language; and it hath always been held, that the witnessing, so as to give validity to the will, as prescribed by the statute, is matter of form, and the proof of the execution is another thing. The legislature did not intend that a fraud should be practiced upon the law, and that the case should not be appealed, merely because two names were placed to the obligation; but when the party

examines, and finds disinterested and competent witnesses present, who subscribe to the execution of the obligation, it is sufficient:   For, from this arises that presumption of the fairness of the transaction, which the legislature intended should bar an appeal.

They contended — That the cases from chancery, cited on the other side, were not in point:   That the reason of taking depositions *in perpetuam rei memoriam*, was not applicable to this case.   And to oppose the authorities read on the other side, the following were cited:— Godfrey v. Norris, 1 Stra. 34.— Lockhart v. Graham, 1 Stra. 35.— Hawkins v. Perkins, 1 Stra. 406.— Jones v. Mason, 2 Stra. 833.

This case was argued the last term, and continued to advise; and the judgment of the Common Pleas now affirmed.

By the COURT.   The vouching or attestation mentioned in the statute, hath reference not to the time of the action upon the note or bond, but to that of the execution, and is descriptive of the manner and circumstances of the execution; and much evidence arises of the authenticity of a note or bond, and the fairness of obtaining it, from the known signature of two persons attesting the same, who are disinterested at the time of attestation, though neither should be alive, or present, or admissible to testify at the time of trial.— Wherefore, an appeal in this case was rightfully denied.

DYER, J., dissenting.   From the reason of the law respecting appeals, I think an appeal ought to have been allowed in this case.   The statute has taken away the right of appeal in actions brought on bond or note, given for the payment of money only, and vouched by two witnesses.   It is because of the certainty, clearness, and simplicity of the contract, and from the circumstances of it the most free

from perplexity and dispute. The obligation being for money only, which has a fixed and determinate value; and there being two disinterested witnesses, that may be called upon at the trial, to avouch or testify to the written contract, as entered into freely, without compulsion or fraud. This being the supposed state of the case, to allow an appeal of a cause so indisputable, would create an unreasonable delay of justice.— On this ground, the reason of the statute ceases, when payment is plead; for the subscribing witnesses to the execution are, by such plea, put out of the question. And so when usury, or duress, is made the defense, from which the most nice questions in law often arise, the reason of the case seems to require that an appeal should be allowed; and the statute should receive such a construction as will tend most to suppress the mischief and extend the remedy. If there is any good sense or reason in the word vouched, as used in the statute, it must mean something more than that the names of two persons should be subscribed to the bond; for if such subscribing persons be not legal or admissible witnesses, it. is to every legal purpose, as if there was no witness.— When is the time that such subscribing witnesses become necessary to the parties? It is when the transaction, to which they have subscribed, is drawn into controversy; and not till then is their attestation needed.— Hence it may be fairly inferred, that the statute does not regard the time of execution merely, but the time of trial.